UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANDREW YURKO,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 25-0296-TDC

## MEMORANDUM ORDER

Plaintiff Andrew Yurko has filed a civil action against the United States of America ("the Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2672–80, in which he alleges negligence arising from an incident in which he fell on untreated ice at the Naval Medical Research Center/Walter Reed Army Institute of Research in Silver Spring, Maryland. The Government has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction in which it asserts that it is immune from suit because it is a statutory employer within the meaning of the Maryland Workers' Compensation Act ("MWCA"), Md. Code Ann., Lab. & Empl. § 9–508 (LexisNexis 2025). Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## BACKGROUND

On January 31, 2022, Yurko slipped and fell on untreated ice near a loading dock at the Naval Medical Research Center/Walker Reed Army Institute of Research ("NMRC"), a federal government facility operated by the United States Department of Defense. Yurko alleges that he

sustained "significant and permanent injuries," including to his back. Compl. ¶ 11, ECF No. 1. At the time, Yurko was engaged in work for his employer, the Henry M. Jackson Foundation for the Advancement of Military Medicine ("HJF"). At that time, the Government had a contract with Parsons Government Services, Inc. ("Parsons") for Parsons to provide research support services at the NMRC, and Parsons had entered into a subcontract with HJF to perform at least some of this work.

In relation to this incident, Yurko filed a claim with the Maryland Workers' Compensation Commission, based on his employment with HJF, and was awarded benefits on October 5, 2023 consisting of compensation for a temporary total disability and a permanent partial disability.

## DISCUSSION

In the Motion to Dismiss, the Government asserts that this Court lacks subject matter jurisdiction over this case because it can be held liable only pursuant to the FTCA, the FTCA allows for liability against the federal government only to the extent that a private party would be liable under state law, and such a state law claim would be precluded by the MWCA, which bars tort claims against an employer arising out of and in the course of employment.

### I. Legal Standards

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if

the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

The United States government is generally immune from suit unless it has expressly waived sovereign immunity. *Fed. Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA provides a limited waiver of sovereign immunity that provides a federal court with subject matter jurisdiction over a suit for damages against the United States for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §§ 1346(b), 2674.

II. **MWCA**

The Government argues that under Maryland law, Yurko cannot assert a tort claim arising from the January 31, 2022 incident because he has already successfully sought and received workers' compensation benefits for his injuries, which are the only available remedy. Generally, the MWCA provides that workers' compensation is the exclusive remedy for injured employees against their employers for injuries arising during the scope of employment. Md. Code Ann., Lab.

& Empl. § 9–509(b) ("[T]he compensation provided under [the MWCA] to a covered employee or the dependents of a covered employee is in place of any right of action against any person."); *Rodrigues-Novo v. Recchi Am., Inc.*, 846 A.2d 1048, 1052 (Md. 2004). For purposes of the MWCA, whether an individual is an employee of a particular entity typically depends on whether an employer-employee relationship exists under common law rules, but the MWCA provides that in certain circumstances, a principal contractor company may be deemed to be the "statutory employer" of an employee of a subcontractor company. *Rodrigues-Novo*, 846 A.2d at 1052–53; *see* Md. Code Ann., Lab. & Empl. § 9–508(a). The relevant provision of the MWCA provides that:

> A principal contractor is liable to pay to a covered employee or the dependents of the covered employee any compensation that the principal contractor would have been liable to pay had the covered employee been employed directly by the principal contractor if:
>
> (1) the principal contractor undertakes to perform any work that is part of the business, occupation, or trade of the principal contractor;
>
> (2) the principal contractor contracts with a subcontractor for the execution by or under the subcontractor of all or part of the work undertaken by the principal contractor; and
>
> (3) the covered employee is employed in the execution of that work.

Md. Code Ann., Lab. & Empl. § 9–508(a).

For these requirements to be satisfied, there must be two contracts, "a principal contract" between the principal contractor and a third party "whereby it is agreed that the principal contractor will execute certain work for the third party," and a subcontract "between the principal contractor and a person as subcontractor whereby the subcontractor agrees to do the whole or part of such work for the principal contractor." *Rodrigues-Novo*, 846 A.2d at 1053–54 (quoting *Honaker v. W.C. & A.N. Miller Dev. Co.*, 365 A.2d 287, 291 (Md. 1976)).

Maryland courts have "insisted on a strict, literal reading" of this two-contract requirement for classifying an entity as a statutory employer. *Matthews v. United States*, 825 F.2d 35, 38 (4th Cir. 1987). In *Matthews*, an employee of Calculon Corporation ("Calculon") slipped and fell on a sidewalk at a federal government facility while working on a government contract between Calculon and the United States Department of Energy. *Id.* at 36. The Fourth Circuit found that, although there was a contract under which the Government had engaged Calculon to perform services, thus satisfying the second requirement of a subcontract, there was no principal contract under which the Government had contracted with a third party for the performance of an identifiable task. *Id.* at 37. The court therefore rejected the argument that the Government was a statutory employer of the Calculon employee for purposes of the MWCA such that it was immune from the employee's suit under the MWCA. *Id.*

Similarly, in *Lathroum v. Potomac Electric Power Co., Inc.*, 524 A.2d 1228 (Md. 1987), an employee of B. Frank Joy Company ("Joy") alleged that he was injured when employees of Potomac Electric Power Company ("PEPCO") negligently dumped coal on him while he was working on a contract under which Joy was performing work for PEPCO. *Id.* at 1229. Although PEPCO argued that it effectively had a principal contract with the public to provide utility services, the Court of Appeals of Maryland, now the Supreme Court of Maryland, defined a principal contract as "one in which a contractor agrees for stated consideration to perform some work or service according to plans, specifications or directions of a third party" and held that PEPCO's provision of "a regulated commodity pursuant to statutorily mandated requirements" was not pursuant to a principal contract. *Id.* at 1230–31. The court therefore rejected the argument that PEPCO was a statutory employer of the plaintiff such that the MWCA barred the plaintiff's suit against it. *Id.* at 1232.

Here, the Government's argument that it is the statutory employer of Yurko likewise fails because there is no principal contract under which the Government was retained by a third party to perform services. The Government has identified two contracts in this case: (1) a contract between the Government and Parsons, under which Parsons provides support services to the Government; and (2) a subcontract between Parsons and HJF, under which HJF performed services in furtherance of Parson's obligations to the Government. Based on these contracts, Parsons is a statutory employer of Yurko because it has a principal contract to perform services for a third party—the Government—and a subcontract with HJF to perform some of the work required by the principal contract. As in *Matthews* and *Lathroum*, however, the Government has not alleged facts showing that it is a principal contractor that has agreed to perform certain work for a third party. *Matthews*, 825 F.2d at 37–38; *Lathroum*, 524 A.2d at 1232; *Rodrigues-Novo*, 846 A.2d at 1059–60 (discussing *Lathroum*). Accordingly, the Government has not demonstrated that it was a statutory employer of Yurko and thus has not shown that Yurko is precluded by the MWCA from asserting an FTCA claim against it arising from the January 31, 2022 incident. The Motion to Dismiss will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Government's Motion to Dismiss, ECF No. 25, is DENIED.

2. The Government shall file an Answer to the Complaint within **14 days** of the date of this Order.

Date: January 7, 2026

THEODORE D. CHUANG
United States District Judge